IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| DOUGLAS J. FURLONG<br>8 Stony Meadow Court<br>Lutherville-Timonium, Maryland 21093 | * | |
| and | * | |
| MIRAGE BEER COMPANY<br>927 South Homer Street<br>Seattle, Washington 98108 | *<br><br>* | |
| and | * | |
| VARIETAL BEER COMPANY<br>416 East Edison Street<br>Sunnyside, Washington 98944 | *<br><br>* | |
| Plaintiffs,<br>v. | * | Civil Action No. _____ |
| | * | |
| THE HON. ANTHONY G. BROWN<br>Attorney General of Maryland<br>200 St. Paul Place<br>Baltimore, Maryland 21202 | *<br><br>*<br><br>* | |
| and | * | |
| ALAN SILVERSTEIN<br>Chairperson, Maryland Alcohol, Tobacco,<br>and Cannabis Commission<br>1215 East Fort Avenue<br>Baltimore, Maryland 21230 | *<br><br>*<br><br>* | |
| and | * | |
| BARBARA WAHL<br>Vice-Chair, Maryland Alcohol, Tobacco,<br>and Cannabis Commission<br>1215 East Fort Avenue<br>Baltimore, Maryland 21230 | *<br><br>*<br><br>* | |

|  |  |
|---|---|
| and | * |
| BETTY BUCK<br>Commissioner, Maryland Alcohol,<br>Tobacco, and Cannabis Commission<br>1215 East Fort Avenue<br>Baltimore, Maryland 21230 | *<br>*<br>* |
| and | * |
| ROBERT POOLE<br>Commissioner, Maryland Alcohol,<br>Tobacco, and Cannabis Commission<br>1215 East Fort Avenue<br>Baltimore, Maryland 21230 | *<br>*<br>* |
| and | * |
| ERIC MORRISSETTE<br>Commissioner, Maryland Alcohol,<br>Tobacco, and Cannabis Commission<br>1215 East Fort Avenue<br>Baltimore, Maryland 21230 | *<br>*<br>* |
| and | * |
| JEFFREY A. KELLY<br>Executive Director, Maryland Alcohol,<br>Tobacco, and Cannabis Commission<br>1215 East Fort Avenue<br>Baltimore, Maryland 21230 | *<br>*<br>* |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

4884-4689-4193, v. 1

Plaintiffs make the following allegations based upon information and belief, except for the allegations pertaining to Plaintiffs, which are based upon personal knowledge.

### Introduction

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging the constitutionality of Maryland laws, regulations, rules, and practices that allow in-state beer producers to sell, deliver, and ship beer directly to Maryland consumers but prohibit out-of-state beer producers doing so. Out-of-state beer producers, such as Plaintiffs Mirage Beer Company and Varietal Beer Company, and many other beer sellers throughout the United States, cannot sell, ship, and deliver directly to Maryland consumers because this practice is illegal under Maryland law. The Plaintiffs seek a declaratory judgment that this regulatory scheme is unconstitutional because it violates the Commerce Clause and discriminates against out-of-state beer producers engaged in interstate commerce. The Plaintiffs seek an injunction barring the Defendants from enforcing these laws, regulations, rules, and practices and requiring them to allow out-of-state beer producers to sell, ship, and deliver beer directly to Maryland consumers upon the same terms as in-state beer producers.

### Jurisdiction

1.  This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

2.     This Court has authority to grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## Plaintiffs

3.     Consumer Plaintiff Douglas J. Furlong is a resident of Baltimore County, Maryland. He is over the age of twenty-one, and is legally permitted to purchase, receive, possess, and drink beer at his residence. When Mr. Furlong was in college, in law school, and after law school but before he was admitted to the Bar of the State of Maryland, he successfully challenged the constitutionality of a New York statute and regulations that banned the mere possession of beer in New York State parks, resulting in a change in New York law. *See People v. Furlong*, 129 Misc.2d 938, 494 N.Y.S.2d 653 (1985); *aff'd as academic by amendment of L.I. State Park regulation to require proof of intent to consume*, 70 N.Y.2d 756, 520 N.Y.S.2d 749, 514 N.E.2d 1373 (1987). He is an afficionado of craft beers and desires to purchase special beers that are difficult to locate. As a consumer of fine and artisanal beer, he would like to purchase craft beer from out-of-state beer producers in Washington and have those beers shipped to his residence in Maryland, but Maryland laws, regulations, rules, and practices prohibit the out-of-state beer producers from doing so.

4.     Brewery Plaintiff Mirage Beer Company is a Washington company that operates a brewery in Seattle, Washington, and engages in Internet sales of its products. Consumers from all over the country, including many from Maryland, enjoy Mirage's beer offerings. It has developed long-term relationships with customers to whom it makes sales of special beers and with customers who wish to have its beer shipped

4

directly to them. It has received requests that it sell, ship, and deliver beer to Maryland consumers, but is unable to do so because it is unlawful.

5.     Mirage Beer Company maintains an Internet website and has previously handled deliveries and shipping of beer that was purchased from its online store.

6.     Brewery Plaintiff Varietal Beer Company is a Washington company that operates a brewery in Sunnyside, Washington. Consumers from all over the country, including many from Maryland, enjoy Varietal's beer offerings. It has developed long-term relationships with customers to whom it makes sales of special beers and with customers who wish to have its beer shipped directly to them. It has received requests that it sell, ship, and deliver beer to Maryland consumers, but is unable to do so because it is unlawful.

7.     Maryland law allows for direct shipping of beer to consumers only from in-state breweries. Brewery Plaintiffs anticipate that Defendants would enforce current Maryland laws, regulations, rules, and practices to prevent any attempts to directly ship their products to Maryland consumers.

8.     Brewery Plaintiffs intend to sell, ship, and deliver beer directly to Maryland consumers, such as Consumer Plaintiff Douglas J. Furlong, if the Maryland laws and regulations prohibiting such sales and shipments are removed or declared unconstitutional.

9.     The Brewery Plaintiffs intend to collect and pay all taxes that may be due on such interstate shipments and to comply with all other non-discriminatory state laws and regulations, including obtaining licenses if one were available.

## **Defendants**

10. Defendants are sued in their official capacities.

11. Defendant Anthony G. Brown is the Maryland Attorney General and is generally empowered to enforce Maryland laws. As the chief legal officer of the State, the Attorney General has general charge, supervision, and direction of the legal business of the State. Md. Code Ann., Alcoholic Beverages § 6-106. His duties include prosecuting and defending cases on behalf of the State in order to promote and protect the State's policies, determinations, and rights. *State ex rel. Atty. Gen. v. Burning Tree Club, Inc.*, 301 Md. 9, 34, 481 A.2d 785, 797 (1984). He is able to investigate, commence, and prosecute any civil or criminal suit or action or category of such suits or actions in any of the Federal Courts. Md. Const. art. V § 3(a)(2). Additionally, the Attorney General is given authority by 27 U.S.C. § 122a to bring civil action for injunction relief against Plaintiffs (and others) to enforce compliance with State law and/or to restrain them from engaging, or continuing to engage, in violations of the Liquor Control Act.

12. Defendant Alan I. Silverstein is the Chairperson of the Maryland Alcohol, Tobacco, and Cannabis Commission (the "Commission"), which is charged with issuing manufacturer's licenses pursuant to Md. Code Ann., Alcoholic Beverages § 2-201. *See generally* Md. Code Ann., Alcoholic Beverages § 1-101 *et seq. See also* Md. Code Ann., Alcoholic Beverages § 1-321.

13. Defendant Barbara Wahl is a Commissioner of the Commission, which is charged with issuing manufacturer's licenses pursuant to Md. Code Ann., Alcoholic Beverages § 2-201, amongst other enforcement duties under the Alcoholic Beverage

6

Article. *See generally* Md. Code Ann., Alcoholic Beverages § 1-101 *et seq*. *See also* Md. Code Ann., Alcoholic Beverages § 1-321.

14. Defendant Robert H. Poole is a Commissioner of the Commission, which is charged with issuing manufacturer's licenses pursuant to Md. Code Ann., Alcoholic Beverages § 2-201. *See generally* Md. Code Ann., Alcoholic Beverages § 1-101 *et seq*. *See also* Md. Code Ann., Alcoholic Beverages § 1-321.

15. Defendant Elizabeth J. Buck is a Commissioner of the Commission, which is charged with issuing manufacturer's licenses pursuant to Md. Code Ann., Alcoholic Beverages § 2-201. *See generally* Md. Code Ann., Alcoholic Beverages § 1-101 *et seq*. *See also* Md. Code Ann., Alcoholic Beverages § 1-321.

16. Defendant Eric Morrissette is a Commissioner of the Commission, which is charged with issuing manufacturer's licenses pursuant to Md. Code Ann., Alcoholic Beverages § 2-201. *See generally* Md. Code Ann., Alcoholic Beverages § 1-101 *et seq*. *See also* Md. Code Ann., Alcoholic Beverages § 1-321.

17. Defendant Jeffrey A. Kelly is the Executive Director of the Commission. As Executive Director, Defendant Kelly enforces the provisions of the Alcoholic Beverage Article, Md. Code Ann., Alcoholic Beverages § 1-319, and adopts regulations to discharge the duties therein. Md. Code Ann., Alcoholic Beverages § 1-311. *See also* Md. Code Ann., Alcoholic Beverages § 1-318. The Commission's Field Enforcement Division, housed in the office of the Executive Director, is responsible for the enforcement of the Alcoholic Beverage Article relating to the unlawful importation of alcoholic beverages and tobacco into Maryland and the manufacture, transportation,

distribution , or other form of owning, handling, or dispersing alcoholic beverages by any person not licensed or authorized under Maryland law. Md. Code Ann. Alcoholic Beverages, § 1-313.

18. Defendants are acting under color of state law when they enforce or supervise the enforcement of the statutes and regulations challenged herein.

### Count I: Commerce Clause Violation

19. Plaintiffs repeat and re-allege each of the foregoing paragraphs as if set out fully herein.

20. In the State of Maryland, a resident beer producer may sell, ship, and deliver directly to Maryland consumers any product it manufactures under its license pursuant to Md. Code Ann., Alcoholic Beverages § 2-219. There is no corresponding license available in Maryland that could be issued to out-of-state breweries in the State of Washington to allow for sales, shipment, and direct delivery of beer to Maryland consumers, and Maryland laws, regulations, and rules do not allow for out-of-state breweries to do so.

21. Maryland issues brewery permits that authorize direct sales and shipping to customers only to state residents. Md. Code Ann, Alcoholic Beverages § 2-211.

22. Brewery Plaintiffs are not located in Maryland and are prohibited by Maryland law from selling, delivering, or shipping beer from its inventory directly to consumers in Maryland under the provisions of the Alcoholic Beverage Article, including *inter alia* Md. Code Ann., Alcoholic Beverages § 1-401, and the enforcement practices of Defendants.

23. Defendants and other law enforcement agencies in Maryland intend to enforce the aforementioned laws, regulations, and rules that prohibit out-of-state beer producers in Washington from selling, delivering, and shipping beer directly to Maryland consumers.

24. Douglas J. Furlong is a beer consumer who wants the opportunity to buy beer directly from Mirage Beer Company, Varietal Beer Company, and other beer producers outside of Maryland, and to have these beers delivered to his residence.

25. He has contacted several out-of-state beer producers, including Mirage Beer Company and Varietal Beer Company, either on the Internet or by phone to buy beers he cannot find locally, including those of Plaintiffs. Mirage Beer Company (on July 28, 2023) and Varietal Beer Company (on July 24, 2023) declined to sell and ship their products directly to Mr. Furlong because they are prohibited from doing so by Maryland law.

26. Many breweries that produce limited production, specialty, and unusual craft beer are located outside of Maryland. Douglas J. Furlong cannot afford the time and expense of traveling great distances to out-of-state beer producers to purchase a few bottles of rare beer and personally transport them home.

27. Mr. Furlong has attempted to purchase beer, including beer which he could not obtain locally, from out-of-state beer producers located in states that do not allow direct shipment from non-Maryland breweries and has been denied these purchases.

28. Some beers that he wants to buy are only available directly from the non-Maryland beer producers themselves. This includes older, aged beers no longer generally

available, and current beers that have sold out locally after receiving favorable reviews or because few bottles of the limited production beer were allocated to Maryland and Maryland wholesalers.

29.     At present, Brewery Plaintiffs are forced to use wholesaler entities at significant additional costs to themselves to make available their products, rare or not, to Maryland consumers such as Plaintiff Douglas J. Furlong, whereas their counterpart in-state Maryland breweries are not required to make such expenditures.  Direct shipping would be a significant cost-savings for Brewery Plaintiffs.

30.     Douglas J. Furlong cannot complete the transactions described in paragraphs 20-28 above because the laws, regulations, and practices of Maryland prohibit direct sales and shipments of beer from out-of-state beer producers in select states to in-state consumers and State officials will not issue any kind of license that would allow such transactions.

31.     If Brewery Plaintiffs Mirage Beer Company and Varietal Beer Company were permitted to sell, ship, and deliver their beer directly to consumers in the State of Maryland, either by using their own vehicle or by common carrier, each would obtain a license if one were available and would comply with the same rules concerning labeling, shipping, reporting, obtaining proof of age, and paying taxes as imposed upon and adhered to by in-State beer producers.

32.     By refusing to allow Brewery Plaintiffs Mirage Beer Company and Varietal Beer Company to sell, ship, and deliver beer upon the same terms as in-State beer producers, the State of Maryland is discriminating against interstate commerce and

protecting the economic interest of local businesses by shielding them from competition, in violation of the Commerce Clause of the United States Constitution.

## Prayer For Relief

WHEREFORE, Plaintiffs seek the following relief:

A.  Judgment declaring Maryland law, regulations, rules, and practices that prohibit out-of-state beer producers from selling, shipping, and delivering beer directly to Maryland consumers unconstitutional as a violation of the Commerce Clause of the United States Constitution.

B.  Judgment declaring the residency requirement in Md. Code Ann., Alcoholic Beverages § 2-211 unconstitutional as a violation of the Commerce Clause of the United States Constitution.

C.  An injunction prohibiting Defendants from enforcing those rules and regulations; and requiring Defendants to allow out-of-state beer producers to obtain licenses and to sell, ship, and deliver beer directly to cusumers in Maryland.

D.  Plaintiffs do not request the State to forego its requirements for licenses to direct ship and Brewery Plaintiffs would seek to obtain such licenses were they to be made available to them.

E.  Plaintiffs do not request that the State be enjoined from collecting any tax due on the sale of beer.

F.  An award of costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

G.  Such other relief as the Court deems appropriate to afford Plaintiffs full relief.

4884-4689-4193, v. 1

Dated: July 31, 2023.                    Respectfully submitted,

*/s/ John A. Bourgeois*
_____
John A. Bourgeois (Bar No. 11834)
Steven M. Klepper (Bar No. 26664)
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
(410) 752-6030; (410) 539-1269 (fax)
jbourgeois@kg-law.com
sklepper@kg-law.com

Robert D. Epstein
(To Be Admitted *Pro Hac Vice*)
James A. Tanford
(To Be Admitted *Pro Hac Vice*)
EPSTEIN SEIF PORTER & BEUTEL
50 South Meridian Street, Suite 505
Indianapolis, Indiana 46204-3530
(317) 639-1326
rdepstein@aol.com
tanford@indiana.edu

Counsel for Plaintiffs

4884-4689-4193, v. 1