# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOUGLAS FURLONG, | * | |
| VARIETAL BEER COMPANY, | | |
| VORTEX BREWING CO., LLC, | * | |
| | | |
| *Plaintiffs,* | * | |
| | | |
| v. | * | Civil Action No. RDB-23-2045 |
| | | |
| THE HON. ANTHONY G. BROWN, | * | |
| *Attorney General of Maryland,* | | |
| JEFFREY A. KELLY, *Executive Director,* | * | |
| *Maryland Alcohol, Tobacco, and Cannabis* | | |
| *Commission,* | * | |
| | | |
| *Defendants.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Following a trial in the above-captioned matter, this Court on December 23, 2025, filed its Trial Findings of Fact and Conclusions of Law (ECF No. 111) and a separate order of Judgment (ECF No. 112) in which it entered Judgment on Plaintiffs' Amended Complaint (ECF No. 35) in favor of Plaintiffs and against Defendants. In its Trial Findings of Fact and Conclusions of Law, the Court explained that Plaintiffs challenged Maryland's Direct Delivery Law, codified in relevant part at MD. CODE ANN., ALC. BEV. & CANNABIS § 2-169(a), "to the extent it contains a residency requirement authorizing only in-state beer manufacturers to obtain direct delivery permits" and "to the extent it forbids delivery by common carrier." (ECF No. 111 at 39.) Thus, this Court enjoined Defendants from enforcing § 2-169(a) against out-of-state beer producers. (ECF No. 112 ¶ 4.) Presently pending before this Court is Defendants' Motion to Alter or Amend Judgment (ECF No. 115). Plaintiffs have responded

in Opposition (ECF No. 116), and Defendants have replied (ECF No. 119). The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Defendants' Motion to Alter or Amend Judgment (ECF No. 115) is GRANTED.

In short, this Court's injunction of § 2-169(a) is overbroad in two ways. First, it is overbroad to the extent that it enjoined Defendants from enforcing § 2-169(a)(2)(ii)–(iv), which pertain to direct beer delivery requirements not challenged in this litigation. Second, it is overbroad to the extent that it enjoins Defendants from enforcing requirements for direct delivery other than the residency and employee-delivery requirements. Specifically, this Court determined that the residency requirement effectuated in § 2-169(a)(1) by requiring direct delivery permitholders to be licensed as producers in Maryland and to possess a Class 7 limited beer wholesaler's license was unconstitutional. The requirements for a Class 7 beer wholesaler's license are codified at MD. CODE ANN., ALC. BEVS. & CANNABIS § 2-308, and include a residency requirement as well as various beer production requirements that were not challenged in this litigation. Accordingly, to the extent that this Court's injunction against enforcement of the requirement in § 2-169(a)(1) that direct beer delivery permitholders possess a Class 7 beer wholesaler's license prevents Defendants from enforcing Class 7 licensing requirements other than residency—including limitations on the quantity of beer a Class 7 license holder and, concomitantly, a direct beer delivery permitholder can produce—it is overbroad. Put differently, to the extent that § 2-169(a)(1) incorporates requirements of § 2-308 neither challenged nor addressed in this case, the Court's injunction of § 2-169(a) was overbroad.

Under Federal Rule of Civil Procedure 59(e), a court has discretion to alter or amend a judgment if it "finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 411 (4th Cir. 2010). "With respect to the 'clear error or manifest injustice' standard, a 'factually supported and legally justified' decision does not constitute clear error.'" *Owens-El v. Maryland*, Civ. No. JKB-17-3057, 2018 WL 10426213, at *1 (D. Md. Mar. 5, 2018) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081–82 (4th Cir. 1993)). "The district court has considerable discretion in deciding whether to modify or amend a judgment." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Indeed, Rule 59(e) "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). Even so, parties may not use Rule 59(e) to raise arguments that could have been raised previously. *Id.*

In the pending Motion to Alter or Amend Judgment, Defendants contend that the injunction of § 2-169(a) is overbroad based on the Court's conclusions of law, and they request that the Court amend the Judgment to narrow the injunction such that enforcement is enjoined only as to § 2-169(a)(1) and § 2-169(a)(2)(i) of the Alcoholic Beverages and Cannabis Article. (ECF No. 115 at 6.) Defendants assert that the present scope of the injunction constitutes clear error and produces manifest injustice by exceeding that needed to address the constitutional violation and requiring them to treat out-of-state producers more favorably than in-state producers. (ECF No. 115 ¶¶ 6–7; ECF No. 119 at 5.) In Opposition, Plaintiffs argue

that Defendants have not satisfied their significant burden to demonstrate that alteration or amendment of judgment is justified. (ECF No. 116 at 1, ¶¶ 1–3.) Specifically, they assert that Defendants improperly seek to relitigate the case, and a judgment is not improper merely because it exceeds the relief requested in the pleadings. (*Id.* ¶ 3 (citing FED. R. CIV. P. 54(c)).)

As the Supreme Court has recognized, "[t]he well-settled principle that the nature and scope of the remedy are to be determined by the violation means simply that federal-court decrees must directly address and relate to the constitutional violation itself." *Milliken v. Bradley*, 433 U.S. 267, 281–82 (1977). Although Plaintiffs in this case only challenged certain provisions of the Direct Delivery Law, they requested relief that pertained to Maryland's residency requirements for beer manufacturers more generally. *See, e.g.* (ECF No. 35 at 9; ECF No. 109 at 23). This Court concluded that such relief would "extend[] beyond the Direct Delivery Law" and would inappropriately and unnecessarily implicate "wholly separate provisions of Maryland's Alcoholic Beverages and Cannabis Article." (ECF No. 111 at 67.) Instead, this Court held that the Direct Delivery Law violated the U.S. Constitution and that the unconstitutional discrimination it produced could be remedied by "(1) extending direct delivery permits to out-of-state producers, and (2) extending delivery methods to include common carriers." (ECF No. 111 at 67.)

The Court issued a "declaratory judgment declaring unconstitutional under the Commerce Clause to the United States Constitution the residency and employee-delivery restrictions contained in the Direct Delivery Law and codified at MD. CODE ANN., ALC. BEVS. & CANNABIS § 2-169(a)[.]" (ECF No. 112 ¶ 3.) The Court then enjoined enforcement of § 2-169(a) against out-of-state beer producers. (*Id.* ¶ 4.) Thus, although the Court's order of

Judgment held that only the "residency and employee-delivery restrictions . . . codified at . . . § 2-169(a)" are unconstitutional, it issued an injunction that sweeps more broadly. This constituted clear error under the Supreme Court's instruction that a remedy "must directly address and relate to the constitutional violation itself." *Milliken*, 433 U.S. at 282. To the extent the Judgment enjoins enforcement of provisions of § 2-169(a) not deemed unconstitutional, it is overbroad as outside the scope of the factual and legal conclusions in the Court's Trial Findings of Fact and Conclusions of Law. *See id.*; *cf. Hutchinson*, 994 F.2d at 1081–82 (explaining factually supported and legally justified decision is not clear error). Defendants' Motion to Alter or Amend Judgment (ECF No. 115) is GRANTED.

## CONCLUSION

For the foregoing reasons, it is this 20th day of February 2026 HEREBY ORDERED that:

1. Defendants' Motion to Alter or Amend Judgment (ECF No. 115) is GRANTED;

2. The order of Judgment (ECF No. 112) shall be amended by separate Amended Judgment;

3. The Clerk of this Court shall transmit a copy of this Memorandum Order to counsel of record in this matter.

/s/
_____
Richard D. Bennett
United States Senior District Judge

5